**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4574**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAISAH DASHON SMITH,

Defendant - Appellant.

**No. 17-4587**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NOAH ANTHONY BRADDY,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:16-cr-00437-TDS-3; 1:16-cr-00437-TDS-4)

Submitted: May 27, 2020                           Decided: June 11, 2020

Before AGEE and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, PA, Winston-Salem, North Carolina; Brian M. Aus, BRIAN AUS ATTORNEY AT LAW, Durham, North Carolina, for Appellants. Matthew G.T. Martin, United States Attorney, John M. Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaisah Dashon Smith and Noah Anthony Braddy appeal their jury convictions for Hobbs Act robbery of a Verizon Wireless store in violation of 18 U.S.C. §§ 2, 1951(a) and brandishing a firearm in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii). On appeal, they question whether the district court erred in denying their motions for judgment of acquittal. They contend the evidence was insufficient to prove they participated in the robbery; and Smith also contends it did not establish an effect on interstate commerce. We affirm.

We review de novo the district court's denial of Appellants' motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. *United States v. Ath*, 951 F.3d 179, 185 (4th Cir. 2020). "Denial of such a motion 'is proper where, viewed in the light most favorable to the prosecution, substantial evidence supports a guilty verdict.'" *Id.* (citation omitted). "Substantial evidence means the evidence was sufficient for a reasonable jury to find proof beyond a reasonable doubt of each element of each offense." *Id*. "In undertaking this analysis, '[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented.'" *Id.* (citation omitted). "While this standard presents a 'heavy burden' for defendants, reversal is appropriate when 'the prosecution's failure is clear.'" *Id.* (citation omitted).

"The Hobbs Act prohibits robbery or extortion that 'in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce.'" *United States v. Tillery*, 702 F.3d 170, 173-74 (4th Cir. 2012) (quoting 18 U.S.C. § 1951(a)). "[T]he two elements of a Hobbs Act crime are: (1) robbery or extortion, and (2) interference with commerce." *Id*. (citation omitted). "'[T]he jurisdictional predicate

3

of the Hobbs Act requires only that the government prove a minimal effect on interstate commerce.'" *United States v. Taylor*, 942 F.3d 205, 218 (4th Cir. 2019) (citation omitted). "[A] robbery has a 'minimal effect' on interstate commerce when it depletes the assets of an 'inherently economic enterprise.'" *Tillery*, 702 F.3d at 174 (citations omitted). "When determining whether a robbery had a minimal effect on interstate commerce, we do not look at the impact of the immediate offense, but 'whether the relevant class of acts has such an impact.'" *Id.* (citation omitted). "The impact on commerce may be shown by 'proof of probabilities without evidence that any particular commercial movements were affected.'" *Id.* (citation omitted). "[A] business that purchases 'a substantial portion of its inventory from out-of-state suppliers is engaged in interstate commerce for purposes of the Hobbs Act.'" *Taylor*, 942 F.3d at 219 (quoting *Tillery*, 702 F.3d at 174).

We have reviewed the record and conclude that the evidence was sufficient to prove that Smith and Braddy robbed the Thomasville Verizon Wireless store at gunpoint of its entire inventory of Apple iPhones. Moreover, the evidence was sufficient for the jury to find the requisite minimal effect on interstate commerce. Although the robbers wore masks and gloves, Appellants' co-defendants testified against them. Moreover, while they ran when police stopped the vehicle carrying the stolen iPhones, Smith was apprehended; and additional evidence in the vehicle and areas to which they fled, including their cell phones, tied them to the crimes. The Government also presented evidence that all iPhones sold by the store were manufactured in China and shipped to the store from out-of-state; and we conclude that a reasonable jury could find this element beyond a reasonable doubt. *See Tillery*, 702 F.3d at 174-75 (noting "it would violate the principles of common sense to

4

find that robbing a legitimate place of business would not have even a minimal effect on interstate commerce, especially when we have to view such activities in the aggregate").

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*